UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AYNUR ARSLAN;
MUHARREM BALKANLI,

      Petitioners/Defendants,

-against-

SUNNYSIDE REALTY CORPORATION,

      Respondent/Plaintiff.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
**07-CV-01825 (NG)(LB)**

**BLOOM, United States Magistrate Judge:**

Petitioners/Defendants Aynur Arslan and Muharrem Balkanli, appearing *pro se* seek to remove a summary holdover proceeding commenced in the Civil Court of the City of New York, County of Queens, Housing Part on March 9, 2007. As it clearly appears on the face of the Notice of Removal and the exhibits annexed thereto that removal should not be permitted because this Court lacks subject matter jurisdiction, the action is remanded to state court. 28 U.S.C. §§ 1446, 1447.

## DISCUSSION

### A. Standard for Removal

Title 28, section 1441, of the United States Code sets forth the criteria for removing a civil action from state court to federal court. The statute provides for removal of claims over which the federal courts have "original jurisdiction," 28 U.S.C. § 1441(a), which means that a claim may only be removed to federal court if it could have been filed in federal court originally. Fax Telecomunicaciones Inc. v. AT&T, 138 F.3d 479, 485 (2d Cir. 1998). "[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir.

2000). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). The removal statute provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b).

## B. Federal Court Lacks Original Jurisdiction

This Court lacks subject matter jurisdiction over this action. Because all of the parties reside in New York and thus are not of diverse citizenship, 28 U.S.C.A. § 1441(b), "subject matter jurisdiction must turn on the existence of federal question jurisdiction." Fax Telecommunicaciones Inc., 138 F.3d at 486 (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, 482 U.S. at 392. A federal law issue raised by a petitioners' defense or counterclaim is not a foundation for removal of a case from state to federal court. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) ("[A] defense that relies on the preclusive effect of a prior federal judgment, or the pre-emptive effect of a federal statute, will not provide a basis for removal. As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.") (citations omitted); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim–which appears as part of the defendant's answer, not as part of the plaintiff's complaint–cannot serve as the basis for 'arising under' jurisdiction.").

2

The civil action which petitioners seek to remove to federal court is a **housing court** holdover proceeding seeking a final judgment of eviction for the nonpayment **of rent** pursuant to New York State Real Property Actions and Proceedings Law, and raises no issue **or claims** based on federal law. (See Petitioners'/Defendants' Exhibit 1). Federal courts do **not have subject** matter jurisdiction over state landlord-tenant matters involving eviction proceedings. See e.g. United Mut. Houses, L.P. v. Andujar, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (remanding to state court upon finding that tenant was not entitled to remove housing court **action to federal** court); Galland v. Margules, No. 05 Civ. 5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) ("[F]ederal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters.").

Petitioners' Notice of Removal raises several counterclaims under various **federal laws** including the Truth in Lending Act, the Fair Debt Collection Practices Act, and **the Fair Housing** Act. As set forth above, these citations to federal law may not serve as grounds **for removal to** federal court, because "only state-court actions that originally could have been **filed in federal** court may be removed to federal court by the defendant." Caterpillar, 482 U.S. at 392. A federal law issue raised by a defendant's counterclaim is not a foundation for removal **of a case from** state to federal court. Holmes Group, Inc., 535 U.S. at 831. Since this Court **lacks original** jurisdiction over this eviction proceeding, the matter may not be removed to **federal court.** Moreover, it appears that petitioners did not timely file the Notice of Removal **after receipt of the** initial pleading dated March 9, 2007.[1]  28 U.S.C. § 1446(b).

---

[1] While the date that petitioners received the March 9, 2007 "Notice of Holdover Petition" is not known, petitioners appeared at the March 21, 2007 hearing in housing court as evidenced by their signatures on the document stating that the case was adjourned to April 25, 2007.

3

## CONCLUSION

Accordingly, the Court concludes that removal should not be permitted and the action is hereby remanded, pursuant to 28 U.S.C. §1447(c), to the Civil Court of the City of New York, County of Queens, Housing Part. See Sunnyside Realty Co. v. Arslan et al., No. 56833/2007. The Clerk of the Court is directed to immediately send a certified copy of this Order to the Clerk of the Civil Court of the City of New York, County of Queens, Housing Part, and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: Brooklyn, New York
       May 7, 2007

---

Exhibit 1 at p. 6.   Petitioners filed the Notice of Removal in this Court on May 3, 2007.

4